UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DAVID BRYAN BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-1201-JDT-cgc |
| ) | |
| JACKIE BAUSMAN, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 31, 2019, the Court issued an order dismissing Plaintiff David Bryan Brooks's *pro se* complaint and granting leave to file an amended complaint. (ECF No. 12.) Brooks was warned that if he failed to file an amended complaint within twenty-one days, on or before January 21, 2020, the Court would dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment. (*Id.* at PageID 75-76.)

Brooks has not filed an amended complaint, and the time within which to do so has expired. Therefore, this case is DISMISSED with prejudice in its entirety, and judgment will be entered in accordance with the December 31, 2019, order dismissing the complaint for failure to state a claim. Brooks is assessed his first strike under § 1915(g). This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Brooks would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Brooks nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Brooks is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE